James D. Weakley, Esq.       Bar No. 082853
James J. Arendt, Esq.         Bar No. 142937

THE LAW FIRM OF
WEAKLEY, RATLIFF,
ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California   93710

Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendants, CITY OF FRESNO, CURTIS DAVIS and FRANK BORREGO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EYA DEAN individually, EYA DEAN successor in interest to CHARLES DEAN and JORDAN DEAN and AMBRIA DEAN by and through their Guardian ad Litem, EYA DEAN,<br><br>Plaintiffs<br><br>vs.<br><br>CITY OF FRESNO, C. DAVIS, F. BORREGO, individually and as officers of the Fresno Police Department, and DOES 1 to 50 inclusive,<br><br>Defendants. | CASE NO. 1:07-cv-00492  AWI- SMS<br><br>STIPULATED PROTECTIVE ORDER RE: FRESNO POLICE DEPARTMENT POLICIES & PROCEDURES |

WHEREAS, the CITY OF FRESNO believes, in good faith, that the following documents requested by the Plaintiff, EYA DEAN (*Requests for Production of Documents, Set 1*), contain information that is: (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence: Fresno Police Department Policies and Procedures.

IT IS HEREBY STIPULATED, by, among and between the parties hereto through their counsel of record, that the documents described above may be designated as "Confidential" by the CITY OF FRESNO and produced subject to the following Protective Order:

---
Stipulated Protective Order re: Policies & Procedures

1.     The disclosed documents shall be used solely in connection with the civil case of *Eya Dean, et al., v. City of Fresno, et al.*, Case No. 1:07-CIV-00492 AWI SMS (E.D. Cal.) and in the preparation and trial of the case, or any related proceeding. The CITY OF FRESNO is not waiving any objections to the admissibility of the documents or portions of the documents in future proceedings, including the trials of the matters.

2.     A party producing the documents and materials described above may designate those materials by affixing a mark labeling them as "Confidential." If any "Confidential" materials cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

3.     Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

a)     William L. Schmidt, counsel for Plaintiffs EYA DEAN individually, EYA DEAN successor in interest to CHARLES DEAN and JORDAN DEAN and AMBRIA DEAN by and through their Guardian ad Litem, EYA DEAN;

b)     Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

e)     Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

d)     Any expert, consultant or investigator retained in connection with this action;

e)     The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel.

4.     Prior to the disclosure of any Confidential information to any person identified in paragraph 3, each such recipient of Confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read. Upon reading this Stipulated Protective Order, such person shall acknowledge in writing that he or she has read this Stipulated Protective Order and shall abide by its terms. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with

respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt.  Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. Plaintiff's counsel shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given.  The CITY OF FRESNO may not request the identities of said individuals, however, until the final termination of the litigation or if it is able to demonstrate a good faith basis that Plaintiff, or an agent thereof, has breached the Stipulated Protective Order.

5. All documents or materials designated as "Confidential" pursuant to this Protective Order, and all papers or documents containing information or materials designated as "Confidential," that are filed with the Court for any purpose shall be filed and served under seal, with the following statement affixed to the document or other information:

"This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

6. The designation of information as "Confidential," and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

7. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential.  Prior to so applying, the party seeking to reclassify "Confidential" information shall meet and confer with the producing party.  Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order.  The producing party shall have the burden of establishing the propriety of the "Confidential" designation.  A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

8. <u>Copies of Confidential Documents</u>

The following procedures shall be utilized by the parties in production of documents and materials designated "Confidential":

        a)         Plaintiff's counsel shall receive one copy of the Confidential documents.

        b)         Plaintiff's counsel shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in the confidential documents to any source without further order of the Court or authorization from counsel for the CITY OF FRESNO.

        c)         If Plaintiff, in good faith, requires additional copies of documents marked "Confidential" in preparation of her case, she shall make a further request to counsel for the CITY OF FRESNO.  Upon agreement with counsel for the CITY OF FRESNO, copies will be produced in a timely manner to Plaintiff, pursuant to the procedures of this Stipulated Protective Order.  Agreement shall not be unreasonably withheld by counsel for the CITY OF FRESNO.

        d)         Plaintiff shall be billed for the copying of the Confidential documents at the CITY OF FRESNO's cost.

        e)         Defendants shall produce documents and material marked "Confidential" to plaintiff with a red marking on each page labeled:

"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER.
WILLIAM L. SCHMIDT, ESQ.
*Eya Dean, et al., v. City of Fresno, et al.*, Case No. 1:07-CIV-00492  AWI SMS"

        f)         If any document or information designated as "confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order.  The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 5 of this Protective Order.  Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

    9.        Notwithstanding the provisions of paragraph 3, confidential information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

10. Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the CITY OF FRESNO of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

11. After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced, containing "Confidential" information will remain confidential, and if filed with the Court, shall remain under seal.  No later than 30 days following settlement or of receiving notice of the entry of an order, judgment, or decree terminating this action, all persons having received the confidential documents shall return said documents to counsel for the CITY OF FRESNO in a manner in which counsel will be able to reasonably verify that all documents were returned.  All parties also ensure that all persons to whom "Confidential" documents or materials were disclosed shall be returned to counsel for defendants.  The conclusion of this litigation means a termination of the case following trial or settlement.

12. If any party appeals a jury verdict or order terminating the case, Plaintiff's counsel shall retain possession of all confidential documents pending final outcome of the appeal after which they shall be returned to counsel for the CITY OF FRESNO.

13. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action.  After this action terminates, any party may seek to modify or dissolve this Stipulated Protective Order by Court order for good cause shown or by the parties' stipulation.

14. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to

///

time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

DATED: January 7, 2008

                WEAKLEY, RATLIFF, ARENDT & McGUIRE, LLP

                By:    /s/ James D. Weakley
                      James D. Weakley, Esq.
                      Attorneys for Defendants

DATED: January 14, 2008

                By:    /s/ Marguerite Meade co w/Counsel for W. S. Schmidt
                      William S. Schmidt
                      Attorney for Plaintiffs, EYA DEAN individually,
                      EYA DEAN successor in interest to CHARLES
                      DEAN and JORDAN DEAN and AMBRIA DEAN
                      by and through their GAL, EYA DEAN

IT IS SO ORDERED.

**Dated:   January 14, 2008**                    /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE